United States District Court
Southern District of Texas
**ENTERED**
April 06, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

No. 3:22-mc-0004

IN RE CHARLES MICHAEL TIPTON

**MEMORANDUM OPINION AND ORDER**

JEFFREY VINCENT BROWN, *UNITED STATES DISTRICT JUDGE*:

Before the court is Charles Michael Tipton's "Demand for Redemption." Dkt. 1. Having considered the arguments and the applicable law, the court dismisses the Demand for lack of subject-matter jurisdiction.

## I. Background

On March 24, 2022, Tipton, proceeding pro se, filed a "Demand for Redemption" as a miscellaneous action with sundry attachments. Dkt. 1. In his Demand, Tipton asserts a claim for the "redemption of central banking currency in Lawful Money in all transactions pursuant to Title 12 USC § 411 as amended from § 16 of the 1913 Federal Reserve Act" against Janet Yellen in her capacity as "Governor of the International Monetary Fund pursuant to . . . the Bretton Woods Agreements and Amendments." *Id.* at 1–2.

Tipton's claim appears to arise from a $55,040.84 Notice of Deficiency sent from the IRS to Tipton in connection with his 2016 federal income-tax return. Dkt. 1-1 at 2, 19. Tipton wrote across the center of the notice, in large capital letters, "REFUSAL FOR CAUSE." *Id.* at 19. With his Demand Tipton also included a notary certification, Dkt. 1 at 4; a "Certificate of Mailing" with addresses for Janet Yellen, among others, *id.* at 5; and receipts for registered mail delivered to the aforementioned individuals, *id.* at 6–9.

Tipton also attached as exhibits, among other documents, portions of the Bretton Woods Agreements Act, Dkt. 1-1 at 1; Tipton's IRS Form 1040X from 2016, *id.* at 2–3; a notarized copy of the "Notice and Demand for Lawful Money," *id.* at 4; a notarized copy of the "Verified Notice of Demand for Lawful Money," *id.* at 5–7; a "Memorandum of Points and Authorities," *id.* at 8–10; 2016 Form 1099-R from Voya Financial Advisors, *id.* at 11; three checks from various financial institutions to Tipton, *id.* at 13, 15, 17; and additional IRS documents addressed to Tipton, all marked "REFUSAL FOR CAUSE," *id.* at 19–33.

## II.  Legal Standard

Courts must liberally construe the pleadings and filings of *pro se* plaintiffs. *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally

construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers").

Nonetheless, a district court may *sua sponte* dismiss a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion. *Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1006 (5th Cir. 2019); *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit,' 'wholly insubstantial,' 'obviously frivolous,' 'plainly unsubstantial,' or 'no longer open to discussion[ ]'" (citations omitted)).

Normally a district court must first afford the plaintiff an opportunity to be heard before dismissal under 12(b)(1) is appropriate. *SR Partners Hulen, LLC v. JPMorgan Chase Bank, Nat. Ass'n*, No. 3:10-CV-437-B, 2011 WL 2923971, at *3 (N.D. Tex. July 21, 2011). However, when the jurisdictional defect appears on the face of the complaint and is clearly irremediable, denying the plaintiff an opportunity to be heard is not error.

5B WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1350 (3d ed.); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

### III. Analysis

Based on the foregoing, the court dismisses Tipton's miscellaneous action because it is plainly unsubstantial and devoid of merit. For one, Tipton's requested relief under 12 U.S.C. §§ 16 and 411 could not possibly support a claim here. First, 12 U.S.C. § 16, titled "Funding of Office," provides the Comptroller of the Currency to assess certain assessments, fees, or charges to carry out the responsibilities of that office. The statute does not provide a private cause of action for individual plaintiffs to sue in federal court.

Second, 12 U.S.C. § 411, titled "Issuance to reserve banks; nature of obligation; redemption," governs the issuance of Federal Reserve notes and delegates to the Federal Reserve System the power to make clear that such notes are authorized currency of the United States. *See Milam v. United States*, 524 F.2d 629, 630 (9th Cir. 1974) (citing *Juilliard v. Greenman*, 110 U.S. 421, 448 (1884)). Like § 16, this statute does not provide a private cause of action.

Further, nothing else in Tipton's Demand suggests that he has any other basis to maintain this action. Indeed, even if Tipton had asserted a

direct claim against the IRS for failure to pay his tax refund, the court would not have jurisdiction to hear his case until he filed a timely, sufficient administrative claim for a refund with the IRS. *See* 26 U.S.C. § 7422(a) (stating that there can be no suit prior to the filing of an administrative claim); *Martin v. United States*, 833 F.2d 655, 658–59 (7th Cir. 1987) ("A timely, sufficient claim for refund is a jurisdictional prerequisite to a refund suit.").

The taxpayer may then file an action in federal court if he is dissatisfied with the outcome of the administrative claim. *See* 26 U.S.C. § 6532(a)(1). Failure to file a claim for a refund deprives the court of subject-matter jurisdiction. *Gustin v. I.R.S.*, 876 F.2d 485, 488 (5th Cir. 1989); *see also Whittington v. United States*, 380 F. Supp. 2d 806, 812 (S.D. Tex. 2005) (noting jurisdictional requirement of filing a timely refund claim with IRS prior to commencing suit). Tipton's Demand contains no indication that he has done so.

\* \* \*

For all of the above reasons, Tipton's Demand lacks the legal plausibility necessary to invoke federal subject-matter jurisdiction as to any claim against any defendant in this case and is DISMISSED WITHOUT

PREJUDICE as frivolous. The court will enter final judgment in a separate order.

Signed on Galveston Island this 6th day of April, 2022.

---
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE